*Court of Common Pleas, Dauphin County, May 28th, 1852.*

### TRUMP *v.* STRAW.

An award of arbitrators will be set aside on the ground of undue influence, when they increased the amount found due at the suggestion of the plaintiff's counsel in order to carry costs.

BY THE COURT.—The whole of the facts on which this motion is predicated are stated in the deposition of Jacob Houser, taken and received by consent. The only question presented is, was the award for six dollars "procured by corruption, or other undue means?" There is no pretence that actual corruption existed on the part of any one, client, counsel, or arbitrators; but it is contended that "undue means" were used to raise the amount of the award in order to carry costs. There is no allegation that any impropriety was intended. The question raised and argued is, whether the conduct of the plaintiff's counsel and that of the arbitrators is against the policy of the law? It is very clear that, in consequence of an *ex parte* suggestion of the plaintiff's counsel to two of the arbitrators after the award was made out, signed, and handed to him, that the sum was too low to carry costs, it was increased from either three or five dollars to six dollars. On the arbitrators declaring that it was their intention to make the defendant pay the costs, the plaintiff's counsel might have safely informed them that their award could not have that effect unless differently worded; and had they then changed it to "full costs," or "costs of suit," their object would have been effected.

He might also with safety have referred them to counsel not interested in the case for information as to the legal form of the award, or the effect of increasing the damages. The suggestion to increase the amount here came from the counsel, innocently I have no doubt, but improperly in contemplation of law. It is against the whole policy of law to permit this kind of interference by the parties or their counsel. Suppose, instead of being an increase of one dollar, on the suggestion of counsel in order to effect the intentions of the arbitrators as to costs, it had been an increase of one hundred dollars, in order to clear up the stigma resting on the character of the plaintiff in an action of slander, we should be startled by the result; yet the principle is the same. Suppose, in the present case, upon the arbitrators showing the plaintiff's counsel an award for one or five dollars damages and costs of suit, he had stated to them that such an award would leave his client's character worse than before he had commenced his action, and they had taken back the paper, reconsidered the award, and made it out for one hundred dollars, would not every one be prepared to say that such award was changed by "undue

[Commonwealth ex rel. Sheesley *v.* Martin.]

means?" Not by fair open argument on the trial, but by conversation with the arbitrators after the case was over. "Undue means" signifies any means which are illegal or improper, not right, not according to law or rule. What should we say to the verdict of a jury which was made out in writing, signed, sealed up, and ready to be delivered in court, and should be altered in some material part at the suggestion of either party or their counsel? Is there any court which would hesitate to set it aside, although the alteration was made upon due consideration by the whole jury? That part of the act of 1836, relative to undue means to influence arbitrators, has not yet received a judicial construction, so far as I have been able to learn. Although the present decision may operate hardly upon an innocent party, yet I am glad that the question has arisen in a case where the counsel and arbitrators are above and clear of all suspicion of improper and corrupt motives, so that the legal question may be investigated without bias. Although I am satisfied that the alteration was innocently suggested, and had it come from any other source would have been within the legal power of the arbitrators and properly made, yet I am constrained to say that it is against legal policy, and that in contemplation of law the award was increased in amount by "undue means," and therefore must be set aside.

The award is set aside. The question of costs is reserved to be determined after final judgment.

*McAllister, for plaintiff.*

*Rawn, for defendant.*